IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DISTRICT

| | |
|---|---|
| **FSC GRM 4101 NORTH TX, LLC,** § § | |
| *Plaintiff*, § § § | |
| v. § § § | **CIVIL ACTION NO. 9:23-cv-00231** |
| **GREASE MONKEY INTERNATIONAL, LLC AND GREASE MONKEY MIDWEST, LLC,** § § § § § § | |
| *Defendants.* § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

FSC GRM 4101 North TX, LLC ("**Plaintiff Lessor**") files this Original Complaint against Defendants Grease Monkey International, LLC and Grease Monkey Midwest, LLC (collectively, "**Defendants**") and shows as follows:

### I.
### NATURE OF ACTION

Plaintiff Lessor entered into a lease agreement with Defendant Grease Monkey Midwest, LLC on or about October 5, 2018 for certain rental property located in Nacogdoches, TX. This case is brought to recover damages in the form of past due rents, future rents, and late fees resulting from Defendants' breach of that lease agreement.

### II.
### PARTIES & SERVICE

1.  Plaintiff FSC GRM 4101 North TX, LLC is a Texas limited liability company that may be served with any pleading in this lawsuit through its undersigned counsel. The sole member of this LLC is Four Springs Capital Trust Operating Partnership, LP, which is a Delaware limited partnership which maintains its principal place of business in New Jersey. The partners are citizens

of the States of New Jersey, Florida, Nebraska, California, Massachusetts, Oregon, Minnesota, New York, Tennessee, Pennsylvania, and Washington. None of the partners are citizens of the State of Colorado or the State of Texas.

2.     Defendant Grease Monkey International, LLC is a foreign limited liability company with, based on information and belief, its principal place of business in Colorado. This Court has personal jurisdiction over Defendant Grease Monkey International, LLC because the subject rental property is located in the state. Moreover, this Court has specific jurisdiction over Defendant Grease Monkey International, LLC based on its Texas based contacts directly associated with the subject property located in Texas. Defendant Grease Monkey International, LLC can be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporated, 211 E. 7th Street, Ste. 60, Austin, TX 78701.

3.     Defendant Grease Monkey Midwest, LLC is a foreign limited liability company with, based on information and belief, its principal place of business in Colorado. This court has personal jurisdiction over Defendant Grease Monkey Midwest, LLC because the subject property is located in the state.  Moreover, this Court has specific jurisdiction over Defendant Grease Monkey Midwest, LLC based on its Texas based contacts directly associated with the subject property located in Texas. Defendant Grease Monkey Midwest, LLC can be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporated, 211 E. 7th Street, Ste. 60, Austin, TX 78701.

### III.
### JURISDICTION & VENUE

4.     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(A)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000.00 excluding interest and costs. For diversity purposes, Plaintiff is a citizen of

New Jersey, Florida, Nebraska, California, Massachusetts, Oregon, Minnesota, New York, Tennessee, Pennsylvania, and Washington. Defendants are, based on information and belief, not citizens of New Jersey, Florida, Nebraska, California, Massachusetts, Oregon, Minnesota, New York, Tennessee, Pennsylvania, or Washington.[1]

5.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this claim occurred in this district. In particular, Nacogdoches County, Texas is the county in which Defendants rented the subject property and ultimately performed its contractual obligations.

## IV.
## BACKGROUND FACTS

**A.     THE LEASE AND GUARANTY**

6.     On or about October 5, 2018, Plaintiff Lessor entered into a lease agreement with Grease Monkey Midwest, LLC ("**Original Lessee**"), whereby Original Lessee agreed to lease certain commercial property located at 4101 North Street, Nacogdoches, TX 75965 (6,675.2 square feet) (the **"Lease Agreement"**). *See* LEASE AGREEMENT, a true and correct copy of which is attached hereto as Exhibit "1." The subject commercial property is commonly referred to here as the "**Leased Property**."

7.     The Lease Agreement is for a term of fifteen (15) years, such that it terminates on October 31, 2033. During the Lease Period (as defined in the Lease Agreement), the monthly rent will increase as follows:

---

[1] Plaintiff notes that Defendants are private entities that do not readily share their membership roster. Upon conducting research of publicly available information, Defendants do not appear to have any contacts or members in the states upon which Plaintiff is a citizen—New Jersey, Florida, Nebraska, California, Massachusetts, Oregon, Minnesota, New York, Tennessee, Pennsylvania, and Washington.

| Lease Period | Yearly Minimum Rent | Monthly Minimum Rent |
| --- | --- | --- |
| Years 1 -5 | $118,594.00 | $9,882.83 |
| Years 6 - 10 | $130,453.40 | $10,871.12 |
| Year 11 - 15 | $143,498.74 | $11,958.23 |

8. Pursuant to the Lease Agreement, Original Lessee agreed to be responsible for the expenses related to the operation of the Leased Property, including utilities, insurance, and taxes. *See* Exhibit 1 at Art. III Section 3.5–9.

9. The Lease Agreement permits the Plaintiff Lessor to recover late charges "[i]n the event that Rent or any other payment due to [Lessor] from [Lessee] hereunder is not received by [Lessor] or [Lessor]'s agent within five (5) days after the due date of such payment, a late charge of five percent (5%) of the amount overdue per month may be charged by [Lessor] to [Lessee]." *See* Exhibit 1 at Art. III Section 3.11.

10. In conjunction with the Lease Agreement, Defendant Grease Monkey International, LLC ("**Defendant Guarantor**") likewise agreed to several key terms. *See* Exhibit 1, Guaranty Agreement (Exhibit B to Exhibit 1). In the event of the Original Lessee's failure to pay rent or other sums, or to comply with the Lease Agreement's terms, Defendant Guarantor is obligated to fulfill these responsibilities. *Id*. Defendant Guarantor consented that Plaintiff Lessor can simultaneously pursue legal action on the Lease Agreement and Guaranty of Lease Obligations ("Guaranty Agreement"), and if such legal proceedings are necessary, Defendant Guarantor will bear all related costs and expenses, including reasonable attorneys' fees. *See* Exhibit 1. Finally, any assignment of the Lease by Original Lessee will not affect the Guaranty, and the Guarantor will remain liable under the Lease. *See* Exhibit 1.

11. On information and belief, the Original Lessee underwent a merger with Defendant

Guarantor on or around December 28, 2020. As a result of this merger, Defendant Guarantor became the "Lessee" of the Leased Property and consequently, is obligated under the terms of both the Lease Agreement and Guaranty Agreement. *See* Exhibit 1 at Art. XI; s*ee also* ARTICLES OF MERGER, attached hereto as Exhibit "2."

12. Despite their clear and unambiguous obligations under the Lease Agreement and Guaranty Agreement, Defendants have been in breach of the aforementioned agreements since December 2022 due to non-payment of rent. On December 21, 2022, the Plaintiff Lessor issued a letter to the Original Lessee, explicitly requesting payment of overdue rent and informing Lessee that its failure to pay would result in late fees as stipulated in the Lease Agreement. *See* NOTICE OF NONPAYMENT AND DEMAND TO CURE LETTER, attached hereto as Exhibit "3." Simultaneously, the Plaintiff Lessor sent a similar letter to the Defendant Guarantor notifying Guarantor that its failure to pay overdue rent would result in late fees as stipulated in the Guaranty Agreement. *See* NOTICE TO GUARANTOR AND DEMAND OF PAYMENT LETTER, attached hereto as Exhibit "4." Plaintiff Lessor has since sent multiple letters to the Defendants, which reiterated the amounts past due and requested prompt payment. *See, e.g.*, APRIL 2023 LETTER REQUESTING PAYMENT, attached hereto as Exhibit "5." Despite these communications, the Defendants have failed to pay the outstanding balance due to Plaintiff.

13. In addition to their failure to pay rent, the Defendants have abandoned and vacated the Leased Property for an extended period. Accordingly, Plaintiff Lessor has taken appropriate steps in response to this apparent abandonment. A Notice of Abandonment was affixed to the premises, reflecting the Defendants' extended absence and explicitly provided the Defendants with their rights under the Texas Property Code. *See* NOTICE OF ABANDONMENT, attached hereto as Exhibit "6."

14. Consequently, Plaintiff Lessor is forced to file this lawsuit to enforce the Lease Agreement and Guaranty, both of which require payment by Defendants through October 31, 2033. As of the date of this Complaint, Defendants owe past due monthly rent and operating expenses to Lessor of $119,582.25. In addition, Defendants owe future monthly rent and operating expenses in excess of $1,400,000.[2] These figures do not account for the ongoing accrual of interest, penalties, costs, and late fees as provided for in the Lease Agreement.

## V.
## CAUSE OF ACTION & REMEDIES

**A.     Breach of Contract (All Defendants)**

15.     Plaintiff Lessor incorporates by reference all of the paragraphs above and below to the extent they are consistent herewith.

16.     The Lease Agreement constitutes a valid, binding, and enforceable agreement that governs the Parties' conduct and the material obligations between Plaintiff Lessor and Defendants. Such material obligations are set forth in the preceding paragraphs above, including but not limited to Paragraphs 8–11.

17.     Here, Plaintiff Lessor fully performed and/or tendered performance under the Lease Agreement by, among other things, providing the commercial space that Defendants originally occupied and have since abandoned.

18.     Despite receiving repeated demands to comply with their contractual obligations, Defendants have breached the Lease Agreement by failing to timely and fully pay all required amounts due and owing under the Lease Agreement. Moreover, by unequivocally abandoning the

---

[2] Plaintiff Lessor is in the process of calculating the updated amounts owed, including these additional charges, penalties, costs, and late fees, and will provide the Court with these updated figures once the calculations have been completed.

Leased Property, Defendants have provided clear and definitive indications of an anticipatory breach, signaling their intent not to fulfill any future obligations such as continued rent payments through 2033. Given these breaches, both actual and anticipatory, Plaintiff Lessor is entitled to pursue all remedies available to it under the Lease Agreement, at law, and/or in equity, and intends to do so at this time.

19. As a direct and proximate result of Defendants' breaches of the Lease Agreement, Plaintiff Lessor has incurred damages in an amount to be proved at trial, including no less than the $119,582.25 in past due rental payments, plus future monthly rent and operating expenses in excess of $1,400,000, plus interest, penalties, costs, and fees.

**B.   Breach of Contract (Defendant Guarantor)**

20. Plaintiff Lessor incorporates by reference all of the paragraphs above and below to the extent they are consistent herewith.

21. The Guaranty Agreement constitutes a separate valid, binding, and enforceable agreement that governs the Parties' conduct and the material obligations between Plaintiff Lessor and Defendant Guarantor.  Such material obligations are set forth in paragraphs 10 – 12 above.

22. Here, Plaintiff Lessor fully performed or tendered performance under the Lease Agreement and Guaranty Agreement by, among other things, providing the commercial space that Defendants originally occupied and have since abandoned.

23. Despite Plaintiff's demands, Defendant Guarantor breached the Guaranty Agreement by neglecting to pay the stipulated amounts from the Lease Agreement. Moreover, this non-compliance evidences that Defendant Guarantor has no intention of meeting its obligations through 2033. In light of these breaches, both actual and anticipatory, Plaintiff Lessor is entitled to pursue all remedies available to it under the Lease Agreement, the Guaranty Agreement, at law, and/or in equity, and will do so at this time.

24. As a direct and proximate result of Defendant Guarantor's breaches of the Guaranty Agreement, Plaintiff Lessor has incurred damages in an amount to be proved at trial, including no less than the $119,582.25 in past due rental payments, plus future monthly rent and operating expenses in excess of $1,400,000, plus interest, penalties, costs, and fees.

**C.   Attorneys' Fees**

25. Plaintiff Lessor incorporates by reference all of the paragraphs above and below to the extent they are consistent herewith.

26. Plaintiff presented its claim to Defendants on May 3, 2023 by demanding payment under the Lease and Guaranty Agreements. More than thirty (30) days have passed prior to Plaintiff filing this suit without any payment being made. After said claim was not paid or otherwise satisfied, Plaintiff was forced to direct undersigned counsel to prosecute this lawsuit to protect its rights. Pursuant to Article XIII Section 13.1 of the Lease Agreement, Section 12 of the Guaranty Agreement, and Section 38.001 of the Texas Civil Practice and Remedies Code, Plaintiff Lessor is entitled to its reasonable and necessary attorneys' fees and costs incurred in the prosecution of this lawsuit.

## VI.
## CONDITIONS PRECEDENT

27. Plaintiff Lessor has satisfied all conditions precedent for bringing this lawsuit.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Lessee respectfully requests that:

a. On final trial hereof, Plaintiff Lessor have judgment against Defendants for Plaintiff's actual damages as provided in the Lease and Guaranty Agreements, and interest to the extent allowed by applicable law; and

b. On final trial hereof, Plaintiff Lessor have judgment against Defendants for Lessor's reasonable and necessary attorneys' fees and all costs of court, and such other and further relief, both general and special, at law or in equity, to which

Plaintiff may be justly entitled.

Dated: December 22, 2023

Respectfully submitted,

DUANE MORRIS LLP

/s/ *Corey M. Weideman*
Corey M. Weideman
State Bar No.: 24056505
Federal Bar No. 695460
Jared D. Vann
State Bar No.: 24125715
Federal Bar No. 3727006
1300 Post Oak Boulevard, Suite 1500
Houston, TX 77056-3166
Tel: (713) 402-3904
Fax: (713) 583-0940
CMWeideman@duanemorris.com
JVann@duanemorris.com

**ATTORNEYS FOR PLAINTIFF**